# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT BOBBY BOWMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CIV-21-0844-F |
| | ) |
| COSTCO WHOLESALE, d/b/a | ) |
| COSTCO WHOLESALE | ) |
| CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## ORDER

The court has an independent duty to inquire into its own subject-matter jurisdiction. <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 514 (2006).

The notice of removal alleges that the court has jurisdiction over this action based upon 28 U.S.C. § 1332 (a) (diversity jurisdiction). The court concludes that the jurisdictional allegations with respect to defendant are insufficient to establish diversity jurisdiction.

The notice of removal alleges that defendant is "incorporated under the laws of the State of Washington, having its principal place of business in a state other than the State of Oklahoma." Doc. no. 1, ¶ 2. However, the state where defendant has its principal place of business must be alleged. *See*, <u>Spring Creek Exploration & Production Company, LLC v. Hess Bakken Investment, II, LLC</u>, 887 F.3d 1003, 1014 (10th Cir. 2018) ("The party seeking the exercise of jurisdiction in [its] favor must allege in [its] pleading the facts essential to show jurisdiction.")(quotations omitted); <u>Simmons v. Rosenberg</u>, 572 F. Supp. 823, 825 (E.D.N.Y. 1983) (merely

averring that a party is a citizen of a state other than New York is clearly insufficient to establish diversity jurisdiction).

Accordingly, defendant is **DIRECTED** to file an amended notice of removal within seven days which provides the missing jurisdictional information relating to defendant. Failure to comply may result in the remand of this action to state court.

IT IS SO ORDERED this 27th day of August, 2021.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0844p001.docx